Concurring Opinion by
WILSON, J.
I join the majority opinion’s conclusion that the search in the instant case violated article I, section 7 of the Hawaii Constitution. Our decision does not, however, address the constitutionality of the statute, HRS § 291E-68, which criminalizes a licensed driver whenever he or she exercises the constitutional right to withhold consent to *356 a search of his or her breath, blood, or urine. I write separately to express my view that, on its face, the statute constitutes an unconstitutional abridgement of the right to be free from unreasonable searches and seizures under article I, section 7 of the Hawaii Constitution and the fourth amendment to the United States Constitution.
A signature aspect of individual freedom guaranteed by our state and federal constitutions is the protection from unreasonable searches and seizures enjoyed by every citizen. See U.S. Const. amend. IV; Haw. Const, art. I, § 7; Wolf v. Colorado, 338 U.S. 25, 27, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949) (“The security of one’s privacy against arbitrary intrusion by the police—which is at the core of the Fourth Amendment—is basic to a free society.”), overruled on other grounds by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Territory v. Ho Me, 26 Haw. 331, 335 (Haw.Terr.1922) (noting that fourth and fifth amendment “rights are indispensable to the full enjoyment of personal security, personal liberty and private property”). Under article I, section 7 of the Hawaii Constitution, a search without a warrant is per se unreasonable, saving a “specifically established and well-delineated exception[ ].” State v. Ganal, 81 Hawai'i 358, 368, 917 P.2d 370, 380 (1996). Constitutional protections against unreasonable searches and seizures understandably apply to the search of the body, including its blood, breath, and urine. See Missouri v. McNeely, — U.S. —, 133 S.Ct. 1552, 1558, 185 L.Ed.2d 696 (2013); Skinner v. Ry. Labor Execs.’ Ass’n, 489 U.S. 602, 616-17, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). Indeed, the purpose of the warrant requirement is to protect human dignity from unreasonable intrusion by the government. See, e.g., McNeely, 133 S.Ct. at 1558 (describing a compelled blood test as “an invasion of bodily integrity implicat[ing] an individual’s most personal and deep-rooted expectations of privacy” (internal quotation marks omitted) (citations omitted)).
Recently, under the guise of protecting the public from intoxicated drivers, the constitutional rights of licensed drivers to be free from unreasonable searches and seizures have been eroded by laws that make criminal the exercise of those rights. By criminalizing an individual’s decision to require a warrant before being subjected to a breath or blood alcohol search, such laws expose to prison those who obtain a driver’s license and exercise the right to be free from unreasonable searches and seizures. Some courts have embraced this criminalization of the exercise of fourth amendment rights. See, e.g., State v. Brooks, 838 N.W.2d 563, 570-73 (Minn.2013); State v. Birchfield, 858 N.W.2d 302, 306-10 (N.D.2015); People v. Harris, 225 Cal.App.4th Supp. 1, 170 Cal.Rptr.3d 729, 734-36 (2014).
Notwithstanding recent precedent endorsing the implied surrender of the warrant requirement, the fourth amendment to the United States Constitution may still stand as a guarantee of Won’s right to request a warrant before his privacy interest in his breath was subjected to a governmental search. The United States Supreme Court has not directly addressed this issue. Nonetheless, under the Hawaii Constitution, Won did not impliedly surrender that right by joining the vast number of Hawaii citizens who obtain a driver’s license. In Hawaii, the privacy interest due a citizen in breath, blood, or urine is protected by the warrant requirement of article I, section 7 of the Hawaii Constitution. Hawaii is not a state whose citizens fall prey to the proposition that, by obtaining a driver’s license, they impliedly surrender their right to receive the protection of a warrant before enduring a blood or breath search. We have a rightfully proud tradition under our constitution of providing greater protections to our citizens than those afforded under the United States Constitution. See, e.g., State v. Mundon, 121 Hawai'i 339, 365, 219 P.3d 1126, 1152 (2009) (“[W]e are free to give broader protection under the Hawaii Constitution than that given by the federal [Constitution.” (second alteration in original) (citation omitted) (internal quotation mark omitted)); State v. Heapy, 113 Hawai'i 283, 298, 151 P.3d 764, 779 (2007) (noting that article I, section 7 of the Hawaii Constitution provides “a more extensive right of privacy[ ]” than the fourth amendment (citation omitted) (internal quotation mark omitted)); State v. Rogan, 91 Hawai'i 405, 423, 984 P.2d 1231, 1249 (1999) *357 (stating that greater protections are provided by the double jeopardy clause of the Hawaii Constitution than its federal counterpart); State v. Hoey, 77 Hawaii 17, 36, 881 P.2d 604, 623 (1994) (“On the issue before us, we choose to afford our citizens broader protection under article I, section 10 of the Hawaii Constitution than that recognized by the [United States Supreme Court] under the United States Constitution,...”).
Here, because there was no voluntary consent and no other exception to the warrant requirement, Won’s breath test, gained pursuant to HRS § 291E-68, was in violation of article I, section 7 of the Hawaii Constitution. Won was coerced to give his consent to the search of his breath by the threat of prosecution if he refused to give his consent. The constitutional infirmity of HRS § 291E-68 is more evident in its prosecution of a citizen who, unlike Won, does not consent and instead exercises his or her constitutionally endowed right to the protection of a warrant before the search of his or her blood, breath, or urine. In such a situation, an individual wholly innocent of driving under the influence may be culpable as a criminal misdemeanant merely by refusing to consent to a BAC test without a warrant.
The legislature recognized the problematic nature of the statute prior to its enactment. During discussions regarding the bill containing the criminal penalty for refusal, the Chair of the House Judiciary Committee stated: “Criminalizing the refusal to submit to a test infringes upon important personal rights that in the past, this Legislature has been mindful of protecting.” 2010 House Journal, at 838 (statement of Rep. Karamatsu). He further noted that the law would “result[ ] in situations where the arrestee is convicted of refusal when the test result would have indicated that the arrestee was not guilty of [OVUII].” Id. This sentiment was memorialized in a House Standing Committee Report, which warned:
Your Committee understands that to criminalize refusal to submit to a breath, blood, or urine test infringes upon important personal rights that in the past the Legislature has protected. Your Committee is mindful that such a law can result in a situation where the arrestee is convicted of refusal when the test results would have indicated that the arrestee was not guilty of intoxicated driving.
H. Stand. Comm. Rep. No. 907-10, in 2010 House Journal, at 1343.
For the reasons discussed above, and because there is no instance in which the criminalization of the right to refuse a BAC test pursuant to the statutory scheme at issue would be rendered constitutionally permissible, HRS § 291E-68 is unconstitutional on its face. See, e.g., State v. Maugaotega, 116 Hawai'i 432, 446-47, 168 P.3d 562, 676-77 (2007) (holding sentencing statute “in all of its manifestations” was “unconstitutional on its face”); see also Camara v. Mun. Court of City & Cnty. of San Francisco, 387 U.S. 523, 640, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) (holding “appellant had a constitutional right to insist that the [health] inspectors obtain a warrant to search and that appellant may not constitutionally be convicted for refusing to consent to the inspection”). The fact that, notwithstanding the statute, a warrant may be obtained or an exigent circumstance might be present, does not change the intended consequence of this statute, which is to punish every exercise of the right to refuse a warrantless search by a driver’s-licensed citizen whose blood, breath, or urine the government seeks to search.
In assessing the facial validity of “a statute authorizing warrantless searches” the United States Supreme Court has noted that “the proper focus of the constitutional inquiry is searches that the law actually authorizes, not those for which it is irrelevant.” City of Los Angeles v. Patel, — U.S. -, 135 S.Ct. 2443, 2461, 192 L.Ed.2d 435 (2015). Thus, in declaring facially unconstitutional a Los An-geles Municipal Code provision requiring that hotels make guest records available for police inspection, the United States Supreme Court rejected the argument that the statute was saved by the fact a valid search could occur pursuant to a warrant or an exigent circumstance:
If exigency or a warrant justifies an officer’s search, the subject of the search must permit it to proceed irrespective of whether it is authorized by statute. Statutes *358 authorizing warrantless searches also do no work where the subject of a search has consented. Accordingly, the constitutional “applications” that petitioner claims prevent facial relief here are irrelevant to our analysis because they do not involve actual applications of the statute.
Id. On this basis, the Court rejected the petitioner’s contention that the facial challenge to the statute “must fail because such searches will never be unconstitutional in all applications.” Id. at 2450.
In Patel, the Court also rejected the United States’ argument “that a statute authorizing warrantless searches may still have independent force if it imposes a penalty for failing to cooperate in a search conducted under a warrant or in an exigency.” Id. at 2451 n. 1. In this regard, the Court noted that the availability of prosecution for failure to consent to warrantless searches authorized by the constitution does not save the statute from its constitutional infirmity:
This argument gets things backwards. An otherwise facially unconstitutional statute cannot be saved from invalidation based solely on the existence of a penalty provision that applies when searches are not actually authorized by the statute. This argument is especially unconvincing where, as here, an independent obstruction of justice statute imposes a penalty for “willfully, resisting], delay[ing], or obstruct[ing] any public officer ... in the discharge or attempt to discharge any duty of his or her office of employment.” Cal.Penal Code Ann. § 148(a)(1) (West 2014).

Id.

Similarly, in the instant case, the effect of HRS § 291E-68 is to improperly authorize warrantless searches where there is no exception to the warrant requirement. Of course, if a warrant is obtained prior to an individual’s submission to a BAC test or if an exigency is present, providing a valid exception to the warrant requirement, the individual has no constitutional right to refuse to submit to the test. In such cases, as noted by the Court in Patel, id., prosecution for obstruction of public administration or another crime related to the obstruction of justice may be appropriate. Cf. State v. Line, 121 Hawai'i 74, 82, 214 P.3d 613, 621 (2009) (explaining that “purposeful obstruction of a law enforcement officer executing a search warrant is a crime even if the warrant is defective and the search consequently unlawful” (emphasis omitted) (citation omitted)). These cases would fall outside of the scope of HRS § 291E-68, which specifically authorizes criminal penalties for individuals who refuse to submit to warrantless BAC tests where there is no exigency or other exception to the warrant requirement at issue.[1]
Moreover, the ICA and the dissent’s proposition that the threat to public safety from intoxicated drivers renders reasonable the criminalization of the exercise of a fourth amendment right is anathema to the purpose of the fourth amendment. It is the very purpose of the fourth amendment and article I, section 7 of the Hawaii Constitution to elevate the individual liberties of citizens beyond calibration based on the degree of threat to public safety posed by a particular crime. Constitutional liberties do not depend on the seriousness of the crime involved. See Ferguson v. City of Charleston, 532 U.S. 67, 86, 121 S.Ct. 1281, 149 L.Ed.2d 205 (2001) (explaining that although urine tests provide evidence of drug abuse, which is a serious problem, “the gravity of the threat alone cannot be dispositive of questions concerning what means law enforcement officers may employ to pursue a given purpose” (citation omitted) (internal quotation marks omitted)); United States v. United States Dist. Court, 407 U.S. 297, 315-16, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972) (noting that the warrant clause of the fourth amend *359 ment is not an inconvenience to be somehow ‘weighed’ against the claims of police efficiency” and that “[i]t is, or should be, an important working part of our machinery of government, operating as a matter of course”). An individual does not lose his or her liberties because he or she is charged with a crime. To the contrary, it is beyond cavil that citizens are endowed with full constitutional protection particularly where the government chooses to prosecute for the most serious of crimes.
No matter the inducement of contemporary statistics, the constitution stands as a bulwark against the insidious balancing of individual liberty in proportion to the seriousness of the crime for which a citizen stands accused. To deem reasonable a law so manifestly antithetical to the continued vitality of the fourth amendment and article I, section 7 is to pave the analytical way for future statutes that permit government to prosecute citizens who insist on a warrant before being subjected to a search or seizure. Indeed, the balancing approach adopted by the ICA and the dissent affords the legislature the option to enhance the penalty for refusing to consent to a search—perhaps to a felony—if convincing statistics establish that the present sanction is not sufficiently reducing the number of intoxicated drivers, Such an approach runs afoul of the fourth amendment and article I, section 7 of our constitution. There are exigencies independent of the seriousness of a crime justifying the government’s warrantless search of the realm of privacy enjoyed by citizens in their body as well as their homes. See, e.g., State v. Clark, 65 Haw. 488, 494, 654 P.2d 355, 360 (1982) (recognizing that an exigency exists when there is “an immediate danger to life or of serious injury or an immediate threatened removal or destruction of evidence”); State v. Dorson, 62 Haw. 377, 384, 615 P.2d 740, 746 (1980) (same). However, the nature of a crime, no matter how serious, does not expose citizens to a government unfettered by the right to be free from unreasonable searches and seizures.
HRS § 291E-68 elevates the danger of intoxicated driving to an importance beyond the signature significance of the warrant requirement of the United States and Hawaii constitutions. The premise that the danger of intoxicated driving transcends the protection of the warrant requirement of the fourth amendment to the United States Constitution and article 1, section 7 of the Hawaii Constitution is per se unreasonable and renders HRS § 291E-68 unconstitutional on its face.

. It is clear that the purpose of HRS i 291E-68 and other criminal refusal statutes is to procure an individual's purported consent to a BAC test. See State v. Won, 134 Hawai'i 59, 65, 332 P.3d 661, 667 (App.2014) ("Instead of authorizing the police to force persons arrested in the lypical OVUII case to undergo chemical testing based on their implied consent, the Hawaii Legislature has chosen to use the threat of administrative and criminal sanctions to encourage arrestees to submit to testing.").
In cases where a police officer obtains a warrant, or where there is an exigency, a police officer need not obtain an individual’s consent to conduct a BAC test.